**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARQUISE JENKINS,

    Petitioner,

v.                                                                            CASE NO:  8:10-CV-2173-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.

_____/

**ORDER**

Marquise Jenkins, an inmate in the Florida penal system proceeding *pro se*, ("Jenkins"), brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).  The Court has considered the petition, Respondent's response (Dkt. #12) and Jenkins' reply (Dkt. #15).  The State contends the petition is time barred.  Since this Court agrees, the petition must be dismissed.

**Procedural Background**

Jenkins was found guilty of murder on October 26, 2001, and sentenced to life in prison.  Jenkins appealed.  The state appellate court affirmed his conviction without written decision on November 15, 2002.  *Jenkins v. State*, 834 So. 2d 168 (Fla. 2d DCA 2002) [table].  Jenkins did not seek rehearing nor did he seek certiorari with the U. S. Supreme Court.

On February 16, 2004, Jenkins delivered to the prison officials his *pro se* motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850.  He subsequently filed an amended Rule 3.850 motion to which the State responded.  The post-conviction court summarily denied part of the motion on February 17, 2006, and held an evidentiary hearing on the remaining claims on October 31, 2008.  The post-conviction court denied the remaining grounds on December 2, 2008.

Jenkins appealed the denial of his Rule 3.850 claims.  His appellate counsel filed an *Anders*[1] brief stating there was no meritorious basis to claim significant reversible error.  Jenkins did not file a *pro se* brief.  On August 27, 2010, the appellate court *per curiam* affirmed without written decision.  *Jenkins v. State*, 43 So. 3d 701 (Fla. 2d DCA 2010) [table].  The mandate issued September 22, 2010, and Jenkins delivered the instant petition to prison officials for mailing the next day, September 23, 2010.

## Discussion

Since the petition was filed after April 24, 1996, the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), it is subject to a one year statute of limitations.  28 U.S.C. § 2244(d)(1).  The one year period is tolled during any period of time that a properly filed post-conviction motion for relief is filed, but the State contends that Jenkins' post-conviction motion was filed after the one year expired.  If so, a properly filed post-conviction motion will not revive an expired one year statute of limitations.  *Tinker v.*

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

*Moore*, 255 F. 3d 1331 (11ᵗʰ Cir. 2001).  The reasoning is that a post-conviction motion filed

after the one year period expires cannot toll the one year limitation period "because there is

no period remaining to be tolled."  *Tinker*, 255 F. 3d at 1333.

Jenkins argues that the one year statute of limitations had not run at the time he filed

his post-conviction motion.  He asserts that the judgment of the Second District Court of

Appeal was not final until the end of his fifteen day period to request rehearing.  And, if you

begin the one year period at the end of those fifteen days, his petition is timely.

The one year statute of limitations period commences on the latest of four triggering

dates.  The triggering date at issue here is the date on which Jenkins' conviction became final

"by the conclusion of direct review or the expiration of the time for seeking such review."

28 U.S.C. § 2244(d)(1)(A).

The State argues that Jenkins' state judgment of conviction became final when his

time expired to seek certiorari in the U. S. Supreme Court, which was ninety days after the

state appellate court entered its judgment.  Jenkins contends that the state appellate court's

judgment was not final until the fifteen day period for rehearing expired, and the ninety day

period for seeking review in the U. S. Supreme Court began when the time for rehearing

expired.  Jenkins, citing to the Tenth Amendment of the U. S. Constitution, argues that the

federal government and its courts have no jurisdiction to determine the "finality" of a state

court judgment.  That authority, he says, lies solely within the power of each state.

While Jenkins poses an interesting constitutional question, he misses the mark.  The

statute does not begin the one year limitation period when the state judgment becomes "final"

under state rules.  It begins upon "the conclusion of direct review or the expiration of the

time for seeking such review."  The conclusion of direct review is in the U. S. Supreme

Court.  The Supreme Court has the authority to fix the time for appeal or application for a

writ of certiorari to review the judgment of a state court in a criminal case.  28 U.S.C. §

2101(d).  The Supreme Court has set that  time period to be "within ninety days after entry

of the judgment."  Sup. Court. R. 13.1.

> Supreme Court Rule 13.3 refers to the time for a rehearing and states:

> 3.    The time to file a petition for a writ of certiorari runs from the date of
>       entry of the judgment or order sought to be reviewed, and not from the
>       issuance date of the mandate (or its equivalent under local practice).
>       But if a petition for rehearing is timely filed in the lower court by any
>       party, or if the lower court appropriately entertains an untimely petition
>       for rehearing or *sua sponte* considers rehearing, the time to file the
>       petition for a writ of certiorari for all parties (whether or not they
>       requested rehearing or joined in the petition for rehearing) runs from
>       the date of the denial of rehearing or, if rehearing is granted, the
>       subsequent entry of judgment.

Jenkins did not request rehearing.  So the ninety days began to run from the date the

Florida Second District Court of Appeal entered its judgment, not when the mandate issued

or when the time for rehearing expired.  *See Chavers v. Secretary, Florida Department of*

*Corrections*, 468 F. 3d 1273 (11th Cir. 2006).

The Florida appellate court entered its judgment denying Jenkins' appeal on

November 15, 2002.  His period for seeking certiorari review with the Supreme Court

expired ninety days later on February 13, 2003.  His one year period of statute of limitations

began to run on February 14, 2003, and expired on February 13, 2004.  Jenkins filed his first

post-conviction motion three days later on February 16, 2004.  Since the statute of limitations

had already expired, and there was no part of it remaining to be tolled, the post-conviction

motion had no effect on the expiration of the statute of limitations.  *Tinker v. Moore*, 255 F.

3d 1331 (11th Cir. 2001).

The only way Jenkins may be otherwise relieved of the effect of the one year time bar

is if the one year period is "equitably tolled."  *Holland v. Florida*, 130 S. Ct. 2549, 2552

(2010).  But equitable tolling is only available if a petitioner is able to show: (1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in

his way and prevented timely filing.  *Id.*, 130 S. Court. at 2553.  Jenkins does not contend

that he is entitled to equitable tolling.  And this Court finds no reason for equitable tolling

in the record.

### Conclusion

Jenkins' petition is barred by the one year statute of limitations and must be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1.      The petition for writ of habeas corpus (Dkt. #1) is DISMISSED as time barred.

2.      The Clerk is directed to terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on June 23, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*S:\Odd\2010\10-cv-2173.deny 2254.wpd*